CHARLES A. BUCK, Appellant, *v.* KATHARINE R. EAMAN, by her next friend, ARCHIBALD McILREA, Appellee.

### APPEAL FROM PEORIA COUNTY COURT.

If an intestate, at his death, holds a bond for the conveyance to him of land, which is to be made upon the payment of money, at a day subsequent to his decease, one payment thereon having been previously made, the interest in the land, and the equitable title, descend to the heir. If the obligor afterward puts it out of his power to make the conveyance by a sale of the land, the right of action to recover the money paid is in the heir, and not in the administrator. The heir might, if the title to the land was still in the obligor, make a tender of the balance due, and enforce a specific performance.

The only proof necessary to sustain an action for the money paid on the bond is the bond itself, the payment of the money, and that, before the payments upon the bond became due, the obligor had conveyed away the land to another.

AT the April term of 1856, of the Peoria County Court, the plaintiff, as the next friend of the heir of James Eaman, sued the defendant in assumpsit, and filed, as the foundation of his claim, a statement in substance : That, in June, 1850, defendant agreed to sell to James Eaman a described piece of land, on which Eaman paid Buck $175, and agreed, by bond, to convey the land when Eaman should pay the balance of the purchase money, $125. The bond is as follows :

KNOW ALL MEN BY THESE PRESENTS, That I, C. A. Buck, of the first part, of the county of Peoria, and State of Illinois, for and in the consideration of the sum of $175, to be paid to the said C. A. Buck or his assigns, as follows: The interest to be paid annually, computed at six per centum, on the 4th day of June in each and every year, and the sum of $125 may be paid at any time within the five years from the 4th day of June, 1850, with interest to time of payment, or any part of said sum, with interest, may be paid : Have agreed to sell unto James Eaman, of the county of Peoria, and State of Illinois, the following tract of land, to wit: The west half of the north-west quarter of section 14, in township No. 7, of range 6, lying and being in the county of Peoria, and State of Illinois, containing eighty acres, be the same more or less.

Now, provided the said Eaman shall pay, or cause to be paid, to the said C. A. Buck, at the time as above specified, the above sums, at the time above named, then the said party of the first part firmly binds himself, his heirs, executors and administrators, under the penalty of three hundred dollars, to convey, by a quit-claim deed, all my right, title and interest in the above described land to the said James Eaman, his heirs or assigns. If, however, the said James Eaman should not punctually pay the sums, then the said C. A. Buck reserves to himself the right to ratify or confirm this agreement or not.

Sealed and delivered this twelfth day of June, A. D. 1850.

C. A. BUCK. [SEAL.]

James Eaman died in July, A. D. 1850, leaving a widow, and Katharine R. Eaman, his only child. Neither the interest

34

nor the balance of the purchase money on the land was ever paid.

On the 5th of December, 1854, Buck sold and conveyed the land to one Bryant.

This suit was brought to recover back the $175 and interest, paid by Eaman upon the land.

The defendant moved to dismiss the suit for want of jurisdiction in the court; motion overruled.

The defendant then demurred to the statement or declaration filed.

Demurrer overruled.

Defendant abided by his demurrer.

The court then ordered the trial to proceed, the defendant making no further appearance, except to take a bill of exceptions after the evidence was closed.

The court gave judgment for plaintiff for $325.36, and costs.

N. H. PURPLE, for Appellant.

GROVE and McCoy, for Appellee.

CATON, J. The question of jurisdiction of the court below has been settled at this term, and needs no further discussion here.

The next question is, whether the action should have been brought in the name of the administrator, instead of the heir. At the time of the decease of the intestate he had no cause of action against the defendant below for the demand now sued for, nor of any other kind; for, at that time, Buck had committed no breach of his bond, and had in no way rendered himself liable upon it. The only interest which the intestate had at that time in the subject matter, was in the land; and the only claim which he had against Buck was for the land. As such, it could only descend to his heir, and could not pass to his administrator as a chose in action, or as personal estate. Buck was guilty of no breach of his bond until he put it out of his power to perform it, by conveying the land to Bryant. As, upon the death of the ancestor, the interest in the land, and the bond, which was his equitable title to it, descended to and became vested in the heir, when Buck did commit a breach of the bond, he violated his obligation to the heir, and not to the administrator, and hence a cause of action thereupon arose to the heir. Suppose the heir, upon a tender of the balance of the the purchase money due upon the bond, which she did, in fact, make, had chosen to file a bill for a specific performance, believing that she could bring home notice to Bryant; could

the administrator have anticipated her, and prevented her from filing such a bill, by bringing an action on the bond for its breach? And yet he could have done so if this right of action was in the administrator. The simple fact that the heir had an undoubted right to file a bill for the specific performance of the bond presents the whole argument, conclusively showing that all interest in it, and all claim under it, was vested in the heir. She had a choice of remedies, and could bring this action upon the bond for its specific performance, or file the bill, and the administrator could not interfere with the one nor the other. The defendant himself had a right to claim exemption from being harrassed by two claimants against him, upon the same instrument. *Abney* v. *Brownlee*, 2 Bibb. R. 170.

The only remaining question is, whether the proof was sufficient to sustain the action, for no exception was taken to the admissibility of evidence, or any ruling of the court. The only exception taken is to the finding of the court upon the evidence.

The plaintiff gave, in evidence, the bond, proved the payment of the $175 by the ancestor, and that, before the expiration of the five years, when the other payment would become due, he conveyed the premises to Bryant, and thus disabled himself from conveying the land according to the provisions of the bond.

Now, if this was not sufficient to maintain the action for the amount of the money paid, and interest, I confess I should have been unable to advise what further to prove. Although a tender was also proved of the amount of the last payment, that was entirely unnecessary, unless the plaintiff had claimed to recover the value of the land, at the time it should have been conveyed. It is possible, had that been claimed as the measure of damages, the tender might have been necessary.

The judgment of the county court must be affirmed.

*Judgment affirmed.*