MITTIE C. AMBLER, Appellee, *vs.* JACOB GLOS *et al.—* (AUGUST A. TIMKE, Appellant.)

*Opinion filed December 15, 1908—Rehearing denied Feb. 5, 1909.*

1. CLOUD ON TITLE—*assignee of certificate of purchase should be re-imbursed.* Under the statute a certificate of purchase at a tax sale is assignable by endorsement, and the assignment transfers all the right and title of the holder to the assignee, who is entitled to re-imbursement before the certificate of purchase can be canceled as a cloud upon title.

2. SAME—*when payment to assignor of certificate of purchase is not a payment to assignee.* Tender and payment to the original holder of a certificate of purchase, who has previously assigned the same and who disclaims ownership when the tender is made but accepts the money, is not a payment to the assignee, who was the nephew and office employee of the assignor, where it is not shown that the assignee was present at the transaction or that he authorized the assignor to accept the money or that he received the money from the assignor.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

On December 26, 1906, Mittie C. Ambler, the appellee, made application in the circuit court of Cook county to register the title to the south half of lot 10, in block 25, in

Carpenter's addition to the city of Chicago. The applicant averred that she was the owner in fee simple of the land and that she was in possession thereof by her tenants. The application set out the names and addresses of a number of persons who had or claimed to have some interest in the land, among whom were Jacob Glos and August A. Timke. Both entered their appearance. Glos filed a demurrer to the petition, which was overruled. Timke answered, setting up a number of defenses. A replication was filed, and on February 9, 1906, the application was referred to Charles A. Farson, one of the examiners of titles for Cook county, to examine the applicant's title and report the substance of the proof taken by him, with his conclusions. Upon a hearing the examiner reported, among other things, that the petitioner was the owner in fee simple of the premises in question at the time of the filing of her petition; that there were no liens or encumbrances upon said land; that said real estate was on October 6, 1903, sold by the treasurer of Cook county to Jacob Glos for a delinquent special assessment levied against said real estate by the city of Chicago, and that the total amount of said sale, including interest and costs to the date of sale, was $43.50; that on December 1, 1905, said certificate was sold and assigned to August A. Timke, and that said Timke was, at the date of the filing of the application herein, the owner of said certificate; that on November 29, 1905, Jacob Glos notified the petitioner and Alice M. Dickson that he was the owner of the tax sale certificate and requested an immediate settlement of the same; that one of the solicitors for the applicant met Glos on the street and spoke to him in reference to said certificate of sale and asked him the price at which the same could be taken up, and that Glos requested him to write him in regard to the matter, which he did on or about December 2, 1905; that in reply to his inquiry Glos wrote him, "Can get you 1903 sale certificate for $500, provided same is taken up within a reasonable time;" that on

December 26 or 27 the solicitor went to the office of Glos and tendered to him in writing, and paid to him, the sum of $55, and that Glos disclaimed ownership of the certificate but said he would take the money; that said tender was in all respects a formal and legal tender and payment to said Glos and to said Timke, who was an employee in Glos' office, of the full amount then due on said certificate of sale, and that the same operated to pay and satisfy the lien of the certificate and to satisfy the claim of Timke, the holder of the certificate. The examiner recommended that the appellee be awarded registration; that the tax sale certificate held by Timke be declared null and void and that Timke be directed to surrender the same to the clerk of the court for cancellation, and that petitioner recover her costs from Timke. Objections were filed by Timke, and when overruled were renewed as exceptions in the circuit court, where they were not sustained. A decree was entered in accordance with the recommendations above mentioned. From that decree Timke has prosecuted this appeal.

JOHN R. O'CONNOR, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The first question presented has heretofore been determined adversely to the contention of appellant by this court in the case of *Glos v. Holberg,* 220 Ill. 167.

It is next said by Timke that the decree is erroneous for the reason that it did not provide that he should be reimbursed upon the cancellation of the certificate of purchase held by him. In answer to this, the appellee contends, first, that a proper tender was made to and accepted by Jacob Glos, and that this was, in fact, a payment to Timke. The examiner reported, and the court by its decree determined, that the certificate of sale was sold and assigned to Timke

on December 1, 1905. This finding of fact has not been challenged by the appellee by objection, exception or assignment of cross-error, and it must therefore be regarded as not open to question. The tender and payment was made to Glos in his office in Chicago on December 26 or 27, 1905. At that time he disclaimed ownership of the certificate but said he would accept the money, and it was paid to him. At that time the certificate was not in Glos' possession nor in his office. Timke is a nephew of Glos and was in his employ at the time of the tender but was not present when the money was tendered and paid to Glos, and there is no evidence whatever to indicate that Glos was authorized to receive the money for Timke, or that the payment to Glos was a payment to Timke, or that the money paid to Glos was ever turned over to Timke. If there was any such evidence, however slight, the close and intimate relations of the two men would be a circumstance to give that evidence added weight, but the existence of those relations alone is not sufficient to show that this payment to Glos was a payment to Timke or that Timke ever received the money.

It is then contended by appellee that a payment to Glos, who was the original purchaser, was a good redemption although he had sold and assigned the certificate to Timke, inasmuch as the assignment of the certificate was not made a matter of record. Reliance is placed upon that portion of section 215 of chapter 120, Hurd's Revised Statutes of 1905, which provides that the receipt of the redemption money by any purchaser shall operate as a release of all claim to the real estate purchased at the tax sale. Section 207 of that chapter provides that the certificate of purchase shall be assignable by endorsement, and that the assignment thereof shall vest in the assignee or his legal representatives all the right and title of the original purchaser. In a case where the original purchaser has sold and assigned the certificate, and the party desiring to redeem knows that

the original purchaser no longer owns the certificate, the word "purchaser," as used in section 215, *supra*, must be regarded as meaning the assignee. If Glos, at the time of the tender and payment to him, had not disclaimed ownership of the certificate a different question would be presented. Under the circumstances shown by this record the tender and payment was not made to the right person, and the decree is erroneous because it does not provide for Timke's re-imbursement.

By his original brief and argument appellant urges certain assignments of error questioning the action of the court in disposing of the costs. By his reply brief he withdraws those assignments.

The decree of the circuit court will be reversed and the cause will be remanded to that court, with directions to enter a decree in substance as that appealed from, except that it shall provide for the cancellation of the certificate only upon Timke's re-imbursement, precisely as though no tender or payment had been made to Glos.

*Reversed and remanded, with directions.*