MITTIE C. AMBLER, Appellee, *vs.* JACOB GLOS *et al.*— (AUGUST A. TIMKE, Appellant.)

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. REGISTRATION OF TITLE—*valid tender is necessary to charge the defendant with costs.* An applicant in a proceeding to register title who desires to charge the holder of a tax title with the costs should make a tender of the taxes, costs and interest before. filing his bill and keep such tender good by bringing the money into court, otherwise it is error to decree costs against the holder of the tax title.

2. APPEALS AND ERRORS—*decree not erroneous if in accordance with mandate of Supreme Court.* Where a decree in a proceeding to register title is reversed and the cause is remanded, with directions to enter a particular decree, the provisions of the new decree which are in accordance with the mandate of the Supreme Court cannot be held erroneous.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is the second time this cause has been before us. The opinion in the former appeal is found in *Ambler* v. *Glos,* 237 Ill. 637, where the matters in issue are fully set out and to which we refer. On that appeal the decree of the circuit court was reversed because of the erroneous finding that a tender had been made to August A. Timke, and the cause was remanded with directions to enter a decree in substance as that appealed from, except that it should provide for the cancellation of the certificate only upon Timke's reimbursement, precisely as though no tender or payment had been made to Glos. Upon the filing of the remanding order in the circuit court a decree was entered

in conformity with that order, with the exception that it adjudged the costs against the defendant August A. Timke. From this decree Timke has prayed an appeal, and numerous assignments of error have been made, only four of which are relied upon here. The assignments relied upon are: That it was error to adjudge costs in the court below against appellant; that the court failed to require appellee to reimburse appellant, as directed by the mandate; that appellant is required by the decree to produce the certificate of sale within ten days, for cancellation; and that appellant was not allowed to offer proof that a deed had been issued on said certificate of sale.

The decree was reversed on the first appeal for the reason that the court erroneously found that a proper tender had been made to the appellant, and when the cause was remanded with directions to enter a decree in substance the same as that appealed from, except that it should provide for the cancellation of the certificate only upon Timke's reimbursement, precisely as though no tender or payment had been made, it necessarily followed that the decree should have adjudged the costs against the applicant, who is the appellee here. The rule is, in cases of this character, that where the owner desires to place the holder of a tax title in the wrong, so as to relieve himself from the payment of costs, he should make a tender of the taxes, costs and interest before filing his bill and keep such tender good by bringing the money into court, and if he fails in that requirement it is error to decree costs against the defendant. (*Kenealy* v. *Glos,* 241 Ill. 15, and cases there cited.) No such tender had been made to Timke, and it was therefore error for the court to adjudge the costs against him.

In support of the second contention, appellant urges that reimbursement was not made as directed by the mandate, and that it was error for the court to decree the relief prayed until reimbursement was made. The decree of the court specifically finds that the sum of $61 was brought into court

and tendered to appellant in full payment of all moneys paid out by him on account of the certificate of sale and in full of all costs and expenses in and about said sale, and a subsequent order of the court recites that the deposit of $61 theretofore made under the decree be held by the clerk of the court. No question is made of the amount tendered, but appellant contends that this amount was not offered in legal tender but was offered in the form of a check, and to substantiate this claim relies upon a colloquy, which appears in the record, between his solicitor and the solicitor for the appellee, wherein his solicitor designated the offer as being in the form of a check. There is nothing in the record to show that this was not a legal tender, but, on the contrary, the decree of the court held it to have been such, and recites that the money, after having been offered appellant in open court, was paid to the clerk.

In support of his third contention, appellant asserts that it was error to require the surrender of the certificate in any event; and in support of the fourth assignment argued, relies upon a statement made by his solicitor in court, and which appears in the record, to the effect that since the entering of the first decree herein a deed had been issued on the certificate of sale, and an oral motion to file an amended answer instanter and for leave to offer proof of that fact. The court refused to allow the amended answer to be filed, but no exception was taken to this action of the court, which is assigned here as error. The decree in respect to the surrendering of the certificate for cancellation is in accordance with the judgment in the former appeal and the mandate issued thereon, and the court committed no error in so decreeing.

The decree of the circuit court will be modified by providing that appellee pay the costs in that court and that appellant have execution therefor. In all other respects the decree is affirmed.   *Decree modified and affirmed.*