E. C. Tubbs, Trustee, Appellee, v. James C. Dunlop et al., on Appeal of Home Builders Investment Corporation, Appellant.

Gen. No. 43,111.

54

Heard in the second division of this court for the first district at the June term, 1944. Opinion filed February 13, 1945. Rehearing denied March 5, 1945. Released for publication March 5, 1945.

LAMBERT KASPERS, ENOCH J. PRICE and OWEN N. PRICE, all of Chicago, for appellant.

BRAUN & BRODIE, of Chicago, for appellee; ROBERT
G. CORBETT, of counsel.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This action was brought to foreclose a first mortgage trust deed made in 1927, which covered improved Chicago real estate registered under the Torrens Act and secured an unpaid principal indebtedness of $125,000. Based upon a master's report and supplemental report a decree of foreclosure was entered which found and adjudged that plaintiff, as holder of the notes secured by the trust deed, was entitled to a first lien upon the real estate in question and that the rights and interests of Home Builders Investment Corporation, as the actual bona fide holder. of a tax sale certificate against the property, were subject and subsequent to the rights and interests of plaintiff. Home Builders Investment Corporation appeals only from that portion of the decree which relates to its tax sale certificate and does not question plaintiff's ownership of the notes and trust deed, the amounts due and unpaid thereunder or plaintiff's right to a decree of foreclosure against the obligors of said notes.

The complaint to foreclose was in the usual form and contained general allegations that the rights and interests of all of the defendants named therein, including Chicago Securities Corporation, were subordinate and subject to those of plaintiff.

The Chicago Securities Corporation filed an answer and alleged therein that prior to April 7, 1931 it was the legal owner of a certain tax sale certificate dated October 11, 1930, which was issued to J. W. Parker, its agent and nominee, and evidenced the sale of the real estate described in the complaint; that said property was sold because of the nonpayment of the gen-

eral taxes levied against same for the year 1928 and that the amount paid therefor at such tax sale was $2,902.12; that a memorial of said tax sale certificate appears on the register of titles pertaining to said real estate; that Parker duly assigned the tax sale certificate about April 7, 1931; and that it was informed and believed that Home Builders Investment Corporation was the legal owner of said tax sale certificate. Thereupon plaintiff amended his complaint by making the Home Builders Investment Corporation an additional party defendant by merely inserting its name therein under the general allegation that certain defendants had or claimed to have some interest in the real estate.

Home Builders Investment Corporation (hereinafter for convenience sometimes referred to as defendant), after having been served with summons, filed a verified answer in which it set forth in substance that the tax sale certificate was issued to one Parker by reason of his payment of $2,902.12 for the taxes levied against the real estate involved herein for the year 1928, that said tax sale certificate was registered in the registrar's office and that defendant became the owner thereof by assignment. It was then asserted in the answer that defendant's right, title and interest in and to said real estate were in all respects superior and paramount to those of plaintiff. The answer concluded with a prayer that the cause be dismissed as to it. Plaintiff filed no reply to defendant's answer.

As heretofore indicated, the cause was referred to a master in chancery for hearing and his report in so far as it has reference to defendant's tax sale certificate is as follows:

"Home Builders Investment Corporation, an Illinois Corporation, is now the actual bona fide legal holder and owner . . . [of the tax sale certificate] and entitled to all the rights, title and interests which have accrued and will hereafter accrue thereunder.

"It is claimed on behalf of said defendant, Home Builders Investment Corporation, that, in consequence of their ownership of said Certificate of Sale, they are entitled to a lien upon said premises prior and paramount to the lien as above set forth [of the trust deed].

"The Statutes of the State of Illinois, Chapter 30, Section 82, Paragraph 119 [Jones Ill. Stats. Ann. 132.075], in part read as follows:

" 'The holder of any certificate of sale of registered land or any estate, or interest therein for any tax, assessment or imposition, shall, within three years after the date of any such sale had prior to July 1, 1939 and within one year 'from the date of any such sale had thereafter, present the same or a sworn copy thereof, to the registrar, who shall thereupon enter on the register of the land a memorial thereof, stating the day of sale and the date of presentation, and shall also note upon the certificate of sale the date of presentation and the book and page of the register, where the memorial is entered. The holder of such certificate shall also within the same time mail to each of the persons who appear by the register to have any interest in the land, a notice of the registration of such certificate. Unless such certificate is presented and registered and notice given as herein provided within the time above mentioned, the land shall be forever released from the effect of such sale, and no deed shall be issued in pursuance of such certificate.'

"The evidence shows that the memorial of said certificate was filed in the Office of the Registrar of Deeds of Cook County, Illinois on the 8th day of April, 1931, but the evidence fails to show that any notice was given pursuant to the terms of said statute to each of the persons who appear by the register to have any interest in the land. This provision of the statutes is in the nature of a limitation upon the rights and interests of the holder of the certificate, and I find that, in consequence of the provisions of

said statute not being fully carried out, the lien, right or title of said defendant, Home Builders Investment Corporation, insofar as it in any manner affects the right, title or interest of the plaintiff in these proceedings, is barred by such statute and that any right, title or interest now held and owned in any manner by Home Builders Investment Corporation in consequence of being the owner of said Certificate of Sale is subject and subsequent to the rights and interests of the plaintiff as above set forth."

The chancellor entered a decree which overruled defendant's exceptions to the master's report and approved and affirmed in all respects the findings contained therein. As already stated, defendant's appeal questions only that portion of the decree that pertains to its tax sale certificate.

It is undisputed that the purchaser at the tax sale paid the general taxes on the real estate involved herein for the year 1928 and received the certificate of sale in question and that defendant is the legal holder thereof by assignment.

■ While it is readily apparent that plaintiff by his complaint as amended and by his failure to reply to defendant's answer deliberately sought to avoid any direct issue as to the invalidity of the tax sale certificate, its validity was challenged on the hearing before the master, since the only issue tried by him in reference to the tax sale certificate was whether same was void because the notice was not given as required by the statute referred to in the master's report. The master found in his supplemental report that "the plaintiff has asked no actual relief by his Complaint and is not asking that any of the tax proceedings shown by the evidence be annulled or set aside" and it will be noted that the master did not make a specific finding that the tax sale certificate was void. However, there can be no question but that he did in effect find it void when he declared in his report that the lien of defendant under its tax sale certificate was

subject and subordinate to the lien of plaintiff's trust deed "in consequence of the provisions of said statute [as to notice] not being fully carried out." The master necessarily had to find that defendant's tax sale certificate was void because of noncompliance with the provision of said statute as to notice before he could make the further finding that the lien of defendant's tax sale certificate was subject and subordinate to the lien of plaintiff's trust deed. The tax sale certificate being valid in all other respects, if the master had not found it void because of the failure to give the required notice, the chancellor would have been compelled to hold that the lien of defendant's tax sale certificate was superior and paramount to the lien of plaintiff's trust deed, since the law is well settled that a valid lien for unpaid general taxes is superior to a mortgage lien whether the tax lien attaches before or after the execution of the trust deed. (*People v. Etchison,* 347 Ill. 320.)

However, regardless of plaintiff's obvious attempt in the trial court to evade any direct issue as to the invalidity of the tax sale certificate and of the master's failure to make a specific finding that same was void, plaintiff concedes that the legal effect of the finding of the master and of the decree was to set aside and annul the tax sale certificate when he states in his brief: "The court properly found that Section 119 of Chapter 30 of the Illinois Statutes relating to conveyances was not complied with by the defendant in this case. For this reason, by the express terms of the section mentioned, the tax sale certificate held by the defendant became absolutely void and of no effect whatsoever and no deed could issue thereunder." Therefore, we will consider that the legal effect of the decree was to set aside and annul the tax sale certificate.

Numerous grounds are urged for the reversal of the decree but the only question we deem it necessary to determine is whether plaintiff in the foreclosure pro-

ceeding can avoid paying the 1928 general taxes on this land with the aid of a court of equity and have the benefit of their payment without reimbursing defendant who is the owner of the tax sale certificate by assignment.

Defendant contends that "the Court erred in refusing to find that it was the duty of the plaintiff to reimburse, or offer to pay, the defendant, Home Builders Investment Corporation, the amount paid at the tax sale described in said defendant's tax sale certificate, with interest, before the plaintiff is entitled to any relief against this defendant" and that "the Court erred in failing to require the plaintiff to offer to do equity."

Section 270 of the Illinois Revenue Act (par. 751, ch. 120, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 119.767]) provides in part as follows:

"Provided, that any judgment or decree of court, in law or equity, *setting aside any tax deed procured under this act,* or restoring the owner of same to possession, *shall provide that the claimant shall pay to the party holding such tax deed . . . all taxes and legal costs, as provided by law. . . .* No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land in which *such party holding such tax deed shall have an interest or setting aside any tax deed procured under this act shall be entered until the claimant shall make reimbursement to the party holding such tax deed* and *payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed.*" (Italics ours.)

This statute clearly specifies that no final decree setting aside a tax deed shall be entered in any proceeding until the claimant "shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that

the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed.'' While the statute refers only to tax deeds, in our opinion, it was intended to include tax sale certificates and to be equally applicable to same.

In *McConnell v. Jones,* 332 Ill. 620, wherein a bill was filed to foreclose a mortgage and the holder of a void tax deed filed a cross bill for relief, the court, after quoting at length from the aforementioned statute, said at p. 626:

''Taxes levied upon real estate become a charge upon the land itself, and if they are not paid the land may be sold for the taxes due thereon, and the title will pass regardless of any incumbrance resting upon the land. (*Cooper v. Corbin,* 105 Ill. 224; *People v. Evans,* 262 id. 235.) If the tax deed was void, then, under the provisions of paragraph 210 [now sec. 270] above set forth, before appellee was entitled to a decree setting aside such tax deed and for a foreclosure of his mortgage, free from appellants' claim for taxes paid, it was necessary that appellee should make reimbursement to appellants for the payments of all taxes and legal costs which appellants had paid. This, appellee neither did nor offered to do. The decree does not require him to make such reimbursement, and it is therefore erroneous.''

Prior to the enactment of section 270 of the Revenue Act there was a long line of decisions in this state which held that before a tax deed or tax sale certificate could be set aside, annulled or removed as a cloud upon title, reimbursement would have to be made to the holder thereof under the fundamental principle that a plaintiff would not be granted equitable relief against a defendant unless he offered to do equity where equity and good conscience required it.

In *Phelps v. Harding,* 87 Ill. 442, where the owner of real estate sought the aid of a court of equity to set aside tax sales of premises made before he ac-

quired title thereto and certain tax sale certificates as a cloud upon his title, the court said at pp. 445 and 446:

"The defendant in error is the aggressor in this controversy, as he claimed the interposition of a court of equity to compel the cancellation of these tax certificates held by the Farwells against these premises, in order that he might be quieted in the possession of the property. He is the actor, and by appealing to a court of equity to aid him to brush out of his way what he deems an obstacle to the beneficial enjoyment of the premises, it would seem equitable and just he should reimburse the holders of these certificates. They may be of value to them. If they are of no value and of no validity, they could not be set up any where in any court to the injury of the defendant in error. He, however, has treated them as having validity and as calculated to disturb him in the tranquil enjoyment of the property. Those taxes were a charge upon the land, and have been paid by plaintiffs in error, and it seems equitable that the defendant in error seeking to set them aside should be allowed to do so, upon the condition that he refund the taxes paid and the amount expressed in the certificates of sale, to the plaintiffs in error. As the defendant in error desires these certificates put out of his way, equity says, in doing so, require him to pay the money expressed in them. The view taken by the court below was injustice to plaintiffs in error, and the decree must be reversed, and the cause remanded with directions to enter a decree consistent with this opinion."

A certificate of purchase at a tax sale is assignable by indorsement and the assignment transfers all the right and title of the holder to the assignee, who is entitled to reimbursement before the certificate of purchase can be cancelled as a cloud upon the title.

(*Ambler v. Glos,* 237 Ill. 637.)   *Peacock v. Carnes,*
110 Ill. 99; *Alexander v. Merrick,* 121 Ill. 606; *Miller
v. Cook,* 135 Ill. 190; *Graham v. O'Connor,* 350 Ill. 36,
are to the same effect.

In *Glos v. Carlin,* 207 Ill. 192, it was attempted in
the decree to set aside a tax deed by indirection just
as the decree in the instant case sought to set aside the
tax sale certificate by indirection.   There the court
said at p. 198:

"It is said by counsel for appellees that there was
here no finding by the court that the tax deed was a
cloud, and no decree that it should be removed as a
cloud.   The court, however, finds in its decree that
'Jacob Glos has no right, title or interest in or to said
lots under the said tax deed, issued to him, or in any
manner whatsoever.'   This finding is substantially
equivalent to a finding that the tax deed was a cloud
upon the title and should be removed, because the
latter finding would have given no further or greater
relief than the finding actually made."

There can be no question but that under sec-
tion 270 of the Revenue Act and as a matter of equity
a plaintiff attempting to set aside a tax sale certificate
or to have a cloud created by an invalid tax sale cer-
tificate removed from his title must make reimburse-
ment of all moneys properly paid for such tax cer-
tificate with interest and costs.

No serious attempt is made in plaintiff's brief to
answer defendant's contention that it is entitled to
reimbursement as the owner of the tax sale certificate
before a decree could be entered setting aside such cer-
tificate and for a foreclosure of the mortgage free
from defendant's claim for taxes paid.   This state-
ment is found in plaintiff's brief: "While it is true
that reimbursement has been required in cases where
the certificates were ostensibly valid, the Supreme
Court of Illinois has not applied this doctrine of re-

imbursement in cases where the certificates were totally void." He then cites two cases, *Kelle v. Egan,* 256 Ill. 45 and *Snow v. Glos,* 258 Ill. 275, in support of his position that "it is not required that the holder of a tax sale certificate be reimbursed when such certificate is absolutely void." After a careful examination of these cases we find that they are not in any wise applicable to the situation presented here and it would therefore serve no useful purpose to discuss them. Section 270 of the Revenue Act, heretofore set forth, making reimbursement obligatory, where it is sought to set aside a void tax deed or tax sale certificate, is not even mentioned in plaintiff's brief.

All other points urged by both parties have been considered but in the view we take of this case we deem it unnecessary to discuss them.

We are impelled to hold that the trial court erred in entering the decree of foreclosure, which in legal effect set aside and annulled defendant's tax sale certificate without requiring plaintiff to reimburse defendant for all moneys properly paid for such certificate with interest and costs.

For the reasons stated herein the decree of the circuit court of Cook county is reversed and the cause is remanded with directions to enter a decree consistent with this opinion.

*Decree reversed and cause remanded with directions.*

FRIEND and SCANLAN, JJ., concur.