LINCOLN PARK FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff-Appellant, v. DRG, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—3088

Opinion filed September 21, 1988.—Rehearing denied October 31, 1988.

Gerard C. Heldrich, Jr., of Heldrich, Grombacher, Mirabelli & Associates, of Chicago, for appellant.

Burton A. Brown, of Chicago, for appellees Jerry Wilson and Kathleen Wilson.

David R. Gray, of Chicago, for appellee DRG, Inc.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Lincoln Park Federal Savings & Loan Association sought to foreclose its unrecorded 1970 mortgage of certain residential property which defendant DRG, Inc., had taken in fee simple by a recorded tax deed in 1975 and sold to defendants Jerry and Kathleen

Wilson in 1983. The trial court denied foreclosure after finding that plaintiff's mortgage had been equitably converted and that the Wilsons' interest was superior to that of plaintiff. Plaintiff appeals.

Albert and Vesser Lawrence owned a single-family home in Chicago, and on March 18, 1970, they procured a first mortgage from plaintiff in the amount of $6,000.

On December 9, 1975, the county clerk executed and delivered a tax deed to DRG. Title was recorded on January 16, 1976, in the office of the recorder of deeds.

On November 16, 1976, the Lawrences procured an unrecorded mortgage from plaintiff in the amount of $11,750, in order to repurchase the property from DRG. DRG then delivered an unrecorded deed to the Lawrences. Subsequently, plaintiff filed a foreclosure of the 1970 mortgage and a *lis pendens* was recorded on August 15, 1978. The minutes of the foreclosure showed DRG as titleholder of record.

On October 17, 1983, DRG sold the property to the Wilsons. Before execution of the real estate installment contract, the Wilsons examined the records in the office of the recorder of deeds. The records showed that the Lawrences lost title when DRG was given title by tax deed in December 1975. The records also showed the 1970 mortgage to plaintiff and the *lis pendens* notice filed August 15, 1978.

On April 12, 1984, DRG filed a motion to dismiss plaintiff's present foreclosure suit. Plaintiff subsequently recorded the deed from DRG to the Lawrences. Plaintiff amended the complaint to foreclose an equitable lien. The Wilsons were impleaded and they maintained that they were *bona fide* purchasers for value without notice or, in the alternative, that plaintiff's lien was equitably converted. The Wilsons are in possession of the property. They make contract payments to DRG. On June 23, 1987, the trial court entered a directed finding in favor of the Wilsons and denied the foreclosure.

■■ The 1970 mortgage lien which existed prior to the issuance of the tax deed to DRG became void in 1975. Tax deeds issued pursuant to section 266 of the Revenue Act of 1939 convey merchantable title. (Ill. Rev. Stat. 1975, ch. 120, par. 747.) Any prior existing lien becomes void upon issuance of that tax deed. (*Urban v. Lois, Inc.* (1963), 29 Ill. 2d 542, 194 N.E.2d 294.) Moreover, reconveyance of title from the tax titleholder to a party with a pretax-sale interest does not affect the validity of the tax deed. (See *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 449 N.E.2d 812.) We find, therefore, that plaintiff could not foreclose the 1970 mortgage following the issuance of the tax deed in 1975.

Having found that its interest cannot be superior, we turn to plaintiff's contention that the Wilsons do not have a superior interest because DRG was not the owner and the Wilsons have not paid the entire purchase price under the contract.

■ On October 17, 1983, the office of the recorder of deeds showed that DRG owned the property in fee simple. Equitable conversion treats land as personalty in certain situations. Thus, as between the parties and those claiming through them, a conversion takes place at the time they enter into the contract such that the owner continues to hold legal title, but in trust for the buyer. The buyer, in turn, becomes the equitable owner and holds the purchase money in trust for the buyer. (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.) Thus, the Wilsons became equitable owners upon entering into the contract with DRG in October 1983.

■ Furthermore, equitable conversion takes place at the instant a valid and enforceable contract is entered into, *i.e.,* when the buyer acquires an equitable title. The full payment of a purchase price under a real estate installment contract is not required before the doctrine of equitable conversion may be invoked. *Shay v. Penrose*, 25 Ill. 2d 447, 185 N.E.2d 218; *Life Savings & Loan Association of America v. Bryant* (1984), 125 Ill. App. 3d 1012, 467 N.E.2d 277.

■ We note further that "An Act concerning conveyances" (the Illinois Recording Act) (Ill. Rev. Stat. 1983, ch. 30, par. 29) protects the interest of the Wilsons. Section 30 provides that deeds, mortgages and other recordable instruments take effect from the time of filing the instrument for record, and not before, as to all subsequent purchasers without notice. Such a recordable instrument is void as to the subsequent purchasers without notice until it is filed for record. (Ill. Rev. Stat. 1983, ch. 30, par. 29.) The unrecorded 1976 mortgage, therefore, had no force or effect against the Wilsons.

■ Plaintiff maintains that the recorded *lis pendens* gave the Wilsons notice that plaintiff had an interest in the property. A *lis pendens* notice operates only within the scope of the pleadings. (25 Ill. L. & Prac. *Lis Pendens* §9 (1956).) Thus, the *lis pendens* gave notice of nothing beyond plaintiff's attempt to foreclose its 1970 mortgage.

The records, therefore, showed only that the tax deed vitiated the 1970 mortgage. Even the complaint limits its allegations to the 1970 mortgage and says nothing about a 1976 mortgage or an unrecorded transfer from DRG to the Lawrences. Thus, an examination of the relevant records would reveal nothing about the 1976 mortgage.

We conclude that the trial court properly denied the foreclosure and found the Wilsons' interest in the property to be superior to the ·

other parties' interest under the doctrine of equitable conversion.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.