WILLIAM M. PAPPMEIER, Plaintiff-Appellant, v. GREEN TREE ACCEPTANCE, INC., Defendant-Appellee.

Third District   No. 3—89—0373

Opinion filed January 18, 1990.—Rehearing denied March 8, 1990.

Roger L. Williamson, of West, Neagle & Williamson, of Galesburg, for appellant.

Dean B. Rhoads, of Sutkowski & Washkuhn Associates, of Peoria, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

This appeal requires us to decide whether a real estate tax certificate lien on property is superior to a perfected security interest lien on the same property. The trial court held that defendant Green Tree Acceptance, Inc.'s security interest lien took preference over plaintiff William M. Pappmeier's tax certificate lien. The plaintiff appeals. We reverse.

The record shows that in October of 1983, Lyman and Connie Millizer purchased a mobile home. A certificate of title to the mobile home was issued by the Illinois Secretary of State listing the Millizers as owners and the defendant as a lienholder with a perfected security interest. (Ill. Rev. Stat. 1987, ch. 95½, par. 3—202.) The Millizers placed the mobile home on lots four and five in block 22 in the original town of Sagetown.

The Millizers subsequently failed to pay their property taxes. In January of 1987, the plaintiff paid $321.14 for a tax sale certificate of purchase on lots four and five. In April of 1987, the defendant removed the mobile home from the lots, and in May sold it for $21,500. In June of 1987, following the statutory redemption period, a tax deed was issued to the plaintiff.

In November of 1987, the plaintiff commenced this action against the defendant, alleging that the defendant had committed a conversion by removing the mobile home from lots four and five. The complaint also alleged that the defendant was liable to the plaintiff for the fair market value of the mobile home. The trial court entered judgment in favor of the defendant.

On appeal, the plaintiff initially argues that he had a real estate tax lien on the mobile home since the home was a permanent fixture on lots four and five. Specifically, he argues that his lien is superior to the defendant's lien because the lien of a tax sale purchaser is superior to the perfected lien of a security interest holder.

■ "The taxes upon real property, together with all penalties, interests and costs, that may accrue thereon, shall be a prior and first lien on such real property, superior to all other liens and encumbrances ***." (Ill. Rev. Stat. 1987, ch. 120, par. 697.) Real property includes not only the land itself but also any vehicle or similar portable structure used as a dwelling place, if such structure is resting in whole on a permanent foundation. Ill. Rev. Stat. 1987, ch. 120, par. 482(13).

In *Tubbs v. Dunlop* (1945), 325 Ill. App. 53, 59 N.E.2d 514, the court held that a tax certificate of purchase was a lien superior and paramount to the lien of a trust deed, regardless of whether the tax lien attached before or after execution of the other encumbrance. Furthermore, in *City of Chicago v. City Realty Exchange* (1970), 127 Ill. App. 2d 185, 262 N.E.2d 230, the court held that the holder of a tax certificate of purchase had rights superior to the holder of a demolition lien.

■ In the instant case, the evidence shows that the mobile home was a permanent structure upon the real estate, and as such, the plaintiff's tax lien attached to it. Further, under section 216 of the Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 697), and under the relevant case law, the plaintiff's tax certificate lien was superior to the defendant's lien. Accordingly, we find as a matter of law that the defendant did not have the right to sell the mobile home.

■ The plaintiff next argues that he is entitled to $21,500 in damages. Specifically, he contends that he is entitled to the entire proceeds from the sale of the mobile home, since he was issued a tax deed.

We note that tax deeds issued pursuant to section 266 of the Revenue Act (Ill. Rev. Stat. 1987, ch. 120, par. 747) convey merchantable title and any prior existing lien becomes void upon the issuance of the tax deed. (*Lincoln Park Federal Savings & Loan Association v. DRG, Inc.* (1988), 175 Ill. App. 3d 176, 529 N.E.2d 771; *Copeland v. Copeland* (1959), 16 Ill. 2d 11, 156 N.E.2d 524.) In the instant case, the plaintiff was issued a tax deed. He was therefore entitled to the proceeds of the sale, since the mobile home then became his free of any encumbrances. This result does not create undue hardship on lienholders such as the defendant. The defendant and others in similar

situations are free to redeem tax certificates and thereby protect their interests in property. This is, of course, routinely done by mortgage holders.

The judgment of the circuit court of Henderson County is reversed, and the cause is remanded for further proceedings consistent with our findings.

Reversed and remanded.

WOMBACHER and SCOTT, JJ., concur.