E.K. COLLISON, Adm'r of the Estate of Albert Lawrence, Plaintiff-Appellee, v. D.R.G., INC., Defendant-Appellant.

First District (4th Division)  No. 1—93—2030

Opinion filed June 30, 1995.

Arthur W. Friedman, of Miller, Shakman, Hamilton, Kurtzon & Schlifke, of Chicago, for appellant.

Jeffrey K. Gutman, of Heldrich, Gutman & Associates, of Chicago, for appellee.

JUSTICE THEIS delivered the opinion of the court:

The administrator of the estate of Albert Lawrence, E.K. Collison (administrator), filed a second amended complaint against D.R.G., Inc. (D.R.G.), to recover monies received by D.R.G. from the sale of property that the administrator alleged belonged to the heirs of Lawrence. The administrator moved for summary judgment as to count II; D.R.G. filed a cross-motion for summary judgment and judgment on the pleadings as to all counts. After hearing arguments, the trial court found in favor of the administrator on counts II and III and entered judgment against D.R.G. in the amount of $10,000 plus interest. D.R.G. appeals the decision, raising several issues for our review. Because we find that the administrator did not have standing to file this complaint, we reverse the decision of the trial court.

An earlier action concerned a suit to foreclose on the mortgages held on the property that is the subject of this appeal. In 1988, the appellate court resolved the foreclosure matter. (*Lincoln Park Federal Savings & Loan Association v. DRG, Inc.* (1988), 175 Ill. App. 3d 176, 529 N.E.2d 771.) We adopt the following statement from that decision:

"Albert and Vesser Lawrence owned a single-family home in Chicago, and on March 18, 1970, they procured a first mortgage from [Lincoln Park Federal Savings and Loan Association (Lincoln Park Federal)] in the amount of $6,000.

On December 9, 1975, the county clerk executed and delivered a tax deed to DRG. Title was recorded on January 16, 1976, in the office of the recorder of deeds.

On November 16, 1976, the Lawrences procured an unrecorded mortgage from [Lincoln Park Federal] in the amount of $11,750, in order to repurchase the property from DRG. DRG then delivered an unrecorded deed to the Lawrences. Subsequently, [Lincoln Park Federal] filed a foreclosure of the 1970 mortgage and a *lis pendens* was recorded on August 15, 1978. The minutes of the foreclosure showed DRG as titleholder of record." *Lincoln Park Federal*, 175 Ill. App. 3d at 178, 529 N.E.2d at 771.

In 1979, Vesser Lawrence died. On July 18, 1982, Albert Lawrence died. On October 17, 1983, D.R.G. sold the property owned by the Lawrences to Jerry and Kathleen Wilson. "Before execution of the real estate installment contract, the Wilsons examined the records in the office of the recorder of deeds. The records showed that the Lawrences lost title when DRG was given title by tax deed in December 1975. The records also showed the 1970 mortgage to [Lincoln Park Federal] and the *lis pendens* notice filed August 15, 1978." *Lincoln Park Federal*, 175 Ill. App. 3d at 178, 529 N.E.2d at 771-72.

Lincoln Park Federal then filed a petition to foreclose its unrecorded 1970 mortgage. D.R.G. filed a motion to dismiss Lincoln Park Federal's foreclosure suit. Lincoln Park Federal then recorded the 1976 deed from D.R.G. to the Lawrences and amended its complaint to foreclose an equitable lien. The trial court denied the foreclosure. The appellate court affirmed, finding that Lincoln Park Federal could not foreclose on the 1970 mortgage once the tax deed was issued in 1975. The court also concluded that the unrecorded 1976 mortgage could not have any effect against the Wilsons. *Lincoln Park Federal*, 175 Ill. App. 3d 176, 529 N.E.2d 771.

In 1987, E.K. Collison, a director of Lincoln Park Federal, filed a creditor's petition to open an estate for Albert Lawrence. Lincoln Park Federal apparently then filed a claim against the estate.

On January 19, 1988, Collison was appointed administrator of the estate of Albert Lawrence. On July 26, 1990, the administrator filed a five-count second amended complaint against D.R.G. The complaint sought to recover monies and rights that the Lawrences lost as a result of D.R.G.'s act of selling the property a second time to the Wilsons. On August 13, 1990, D.R.G. filed a motion to dismiss the plaintiff's complaint, alleging that Collison lacked standing to bring this action. On January 17, 1991, D.R.G. filed another motion to dismiss this complaint and the court dismissed count V.

On December 3, 1991, D.R.G. filed a motion for summary judgment, again raising the issue of standing, and a motion for judgment on the pleadings. The trial court entered judgment in favor of the plaintiff, Collison. The court concluded that the Lawrences gave consideration to D.R.G. for their purchase of the real estate. The court found that D.R.G. delivered a deed to the property to the Lawrences but the Lawrences failed to record it until after D.R.G. had resold the home. The court concluded that, at the time of the sale to the Wilsons, D.R.G. was on notice of its earlier sale to the Lawrences. The court therefore found in favor of Collison on counts II and III and imposed a constructive trust on behalf of Collison in the amount of $10,000 plus interest. After recognizing that it had dismissed count V, the court then transferred the remaining counts to the law division.

Pursuant to Supreme Court Rule 304, D.R.G. appeals the decision of the trial court to grant relief on counts II and III. (134 Ill. 2d R. 304.) After considering the arguments of the parties, we conclude that Collison does not have standing to raise these issues.

We reach this conclusion by analogizing this case to the much earlier decision rendered in *Buck v. Eaman* (1857), 18 Ill. 529. There, the court addressed the question of whether a suit was properly brought by the administrator of the estate or the deceased's heirs. Eaman had agreed to purchase land from Buck and had paid Buck $175. The land would be conveyed to Eaman or his heirs when Eaman paid the balance of the purchase money. Buck signed a bond stating that Eaman had five years in which to pay the balance. Eaman died shortly after the bond was given and Buck sold the property four years later.

The *Buck* court found that there was no breach of Buck and Eaman's agreement at the time of Eaman's death. Therefore, at the time of his death, Eaman held no cause of action against Buck. However, four years after Eaman's death, Buck breached the agreement he had with Eaman. "As, upon the death of the ancestor, the interest in the land, and the bond, which was his equitable title to it,

[descended] to and became vested in the heir, when Buck did commit a breach of the bond he violated his obligation to the heir, and not to the administrator, and hence a cause of action thereupon arose to the heir." *Buck*, 18 Ill. at 530.

The same situation presents itself here. In this case, Albert Lawrence died in 1982. At that time, Lawrence held the property pursuant to the unrecorded 1976 deed and mortgage. Therefore, the only interest Lawrence held at the time of his death was an interest in the real estate and, upon his death, the real estate immediately vested in his heirs. (*In re Estate of Hall* (1984), 127 Ill. App. 3d 1031, 1034, 469 N.E.2d 378, 380.) Later, in 1983, D.R.G. sold the property now owned by the heirs of Albert Lawrence to the Wilsons. Consequently, any potential cause of action arose upon the sale of the property to the Wilsons the year after the real estate became the property of the heirs. The cause of action therefore belongs to the heirs and not to the administrator.

Citing *Lescher v. Barker* (1978), 57 Ill. App. 3d 776, 373 N.E.2d 1007, the administrator argues that the amendments to the Probate Act, which became effective in 1966, gave the administrator of the estate the power to sell real estate to pay the debts of the decedent and authorized the administrator to maintain an action to determine the title to real estate. Therefore, the argument continues, the administrator has standing to pursue this action before us.

We disagree. First, this is not an action to sell real estate. The only claim that is asserted here is an action for damages against D.R.G. to recover money that the administrator alleges rightfully belongs to the heirs of the estate. Second, this is not an action to determine title to real estate. The ownership of the real estate was determined in the earlier action. *Lincoln Park Federal*, 175 Ill. App. 3d 176, 529 N.E.2d 771.

Even if we were to conclude that the estate and the administrator had a valid claim and that this claim was properly raised, we would have to find that Lincoln Park's claim was time-barred and the administrator could not successfully pursue this action.

The Probate Act of 1975 directs that all claims are barred unless an estate is opened within three years after the death of the decedent. (Ill. Rev. Stat. 1981, ch. 110$^1$/$_2$, par. 18—12.) Albert Lawrence died in 1982. It was not until five years later, in 1987, that Collison sought appointment as the administrator. Clearly, this estate was not opened within the three-year limitations period provided for by statute and the claim filed by Lincoln Park Federal is time-barred.

For the above reasons, we reverse the decision of the trial court.

Reversed.

HOFFMAN, P.J., and CAHILL, J., concur.